IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          No. 4:22-cr-175-DPM

DORIAN WIGGINS                                              DEFENDANT

## ORDER

Dorian Wiggins wanted to be his own lawyer. *Doc. 54.* The Court let him. *Doc. 57.* He did well at trial. Wiggins was convicted on count one but was acquitted on counts two and three. The results weren't all bad at sentencing, either. He was sentenced to seventy-two months, twenty months below the low end of his sentencing guideline range.

Wiggins has now filed a § 2255 motion to vacate his sentence. But he made a grievous error. He never filed a direct appeal. That means his grounds for relief are procedurally defaulted. *Jennings v. United States*, 696 F.3d 759, 762-63 (8th Cir. 2012). To get around his default, Wiggins must "demonstrate either cause and actual prejudice, or that he is actually innocent." *Jennings*, 696 F.3d at 763. He hasn't. There's no need for a hearing. *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007).

Actual innocence first. It's unclear whether Wiggins is arguing that he was actually innocent of being a felon in possession of a firearm. If he is, he "must show that in light of all the evidence, it is more likely

than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Jennings*, 696 F.3d at 764 (quotations omitted). At trial, Wiggins stipulated that, before 28 March 2022, he was a felon and knew it. There was uncontroverted evidence that the pistol charged in the Indictment had traveled across state lines. So, the case came down to whether Wiggins knowingly possessed the pistol. The evidence: a video showing Wiggins firing the gun out of his truck window, which was corroborated by testimony from his sister. Wiggins hasn't shown that he was actually innocent.

Wiggins also hasn't shown cause and actual prejudice. This exception wouldn't save most, if not all, of his defaulted claims anyway because they are nonconstitutional and nonjurisdictional. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Regardless, there was no cause for the default. And he can't claim ineffective assistance of counsel because he represented himself. *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998); *United States v. Foster*, 230 F.3d 1364 (8th Cir. 2000) (unpublished).

*

Wiggins's § 2255 motion to vacate, *Doc. 131*, is denied. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

26 September 2025